7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael R. MCVAY, Appellant,
v.
Crispus C. NIX; J. Mercer; John C. Henry, Estates of;
John R. Emmett; Robert L. Washington; Randy
Coffman, Appellees.
 No. 92-3154.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1993.
Filed: October 7, 1993.
 
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael R. McVay, an Iowa inmate, appeals the district court's[1] grant of summary judgment to defendant prison officials in his 42 U.S.C. § 1983 action claiming due process violations in disciplinary proceedings. We vacated our previous opinion in which we dismissed this appeal for lack of jurisdiction. On reconsideration, we have determined jurisdiction does exist and we proceed to the merits.
 
 
 2
 Citing Wolff v. McDonnell, 418 U.S. 539 (1974), McVay argues that due process required that he be given twenty-four hours to prepare a defense prior to his placement in summary segregation. McVay misreads Wolff: it requires only that a prisoner receive written notice of the charges against him no less than twenty-four hours before the disciplinary hearing. See Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir. 1990). McVay's interpretation of Wolff would defeat the purpose of immediate segregation pending investigation of disciplinary charges. See Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992) (prison officials may segregate suspected rule violator pending investigation) (citing Hewitt v. Helms, 459 U.S. 460, 474-76 (1983)). In addition, McVay received his notice well before the hearing, and in the interim, a correctional officer assisted him by taking statements from witnesses McVay suggested-statements that were presented to the disciplinary committee. That assistance allowed McVay to prepare a defense, notwithstanding his segregation and alleged functional illiteracy. McVay's due process rights were not violated. We therefore need not address the issue of qualified immunity.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa